# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| THE HOPE SCHOOL, INC., an Illinois not for profit corporation, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 05-CV-3153 ) |
| WOODSIDE TOWNSHIP and DONALD R. DUFFY, in his capacity as Highway Commissioner for Woodside Township, | ) ) ) ) ) ) |
| Defendants. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter is before the Court on Plaintiff Hope School, Inc.'s Motion to Determine Jurisdiction to Enforce Settlement Agreement and for Enforcement of Settlement Agreement (d/e 31) (Hope School Motion). Hope School asks the Court to determine its jurisdiction to enforce the Settlement Agreement reached in this matter, and, if jurisdiction exists, to enforce the Settlement Agreement by entering declaratory and injunctive relief.  See Stipulation to Dismiss with Prejudice (d/e 29), Ex. 1, Settlement

Agreement. For the reasons set forth below, the Motion is dismissed for lack of jurisdiction.

BACKGROUND

The instant lawsuit was removed to this Court in June 2005. Notice of Removal (d/e 1). Prior to trial, the parties agreed to mediate the dispute before the undersigned. See Notice of Hearing, dated January 25, 2006. A full agreement was reached, and on March 27, 2006, the parties consented to proceed before the undersigned pursuant to 28 U.S.C. § 636(c) See Order: Consent (d/e 28). The parties filed a Stipulation to Dismiss with Prejudice, which included the Settlement Agreement as an exhibit. The parties asked that the "case be dismissed with prejudice pursuant to a settlement of all issues and disputes." Stipulation to Dismiss with Prejudice, p. 1. The Stipulation further provided as follows: "Pursuant to the decision in Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994), the parties incorporate the Settlement Agreement and request the Court to retain jurisdiction over this matter for the purpose of enforcing the Settlement Agreement." Id., p. 2. The Court then issued the following Text Order, dated March 27, 2006: "Stipulation to Dismiss with Prejudice 29 ALLOWED. The Court retains jurisdiction of this case to enforce

compliance with the settlement contract. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994)."

On November 17, 2008, Hope School filed a complaint in the Circuit Court for Sangamon County, Illinois, seeking declaratory relief under the Settlement Agreement and a permanent injunction prohibiting Defendants from placing any obstruction on Hazel Lane for the purpose of impeding traffic to Hope's campus absent a judicial finding that Hope School materially breached the Settlement Agreement. Hope School Motion, Ex. B, Verified Complaint for Declaratory and Injunctive Relief (State Court Complaint). Hope School acknowledged that, in the Settlement Agreement, the parties agreed that the United States District Court would "retain exclusive jurisdiction to enforce this Agreement and/or to resolve any issues arising from this Agreement or the performance of the Parties' obligations under this Agreement." State Court Complaint, p. 3, ¶ 8; see also Settlement Agreement, p. 7, ¶ 13. However, Hope School cited a 2007 Seventh Circuit opinion for the proposition that once a suit is dismissed with prejudice, the District Court cannot retain jurisdiction merely by stating an intent to do so. State Court Complaint, p. 3-4, ¶ 11 (citing Dupuy v. McEwen, 495 F.3d 807, 809 (7th Cir. 2007), cert. denied,

128 S.Ct. 2932 (2008)).  Hope School also cited Kay v. Board of Educ. of the City of Chicago, 547 F.3d 736 (7th Cir. 2008), for the proposition that a suit to enforce a settlement agreement arising out of federal litigation is a contract claim, which arises under state law and must proceed in state court.

Defendants moved to dismiss the State Court Complaint, arguing that the United States District Court had exclusive jurisdiction under the Settlement Agreement.  Hope School Motion, Ex. C.  Sangamon County Circuit Court Judge Leo J. Zappa stayed the state court case and directed the parties to seek a decision on the issue of federal versus state jurisdiction from this Court.  Courtesy Copy of Order from State Court Circuit Judge Leo J. Zappa, Jr. (d/e 30).  The pending Hope School Motion followed.  The matter is now fully briefed and ripe for determination.

ANALYSIS

At the time the instant matter was dismissed pursuant to stipulation, the parties and the Court expressly relied upon the Supreme Court decision in Kokkonen.  In Kokkonen, the parties arrived at an oral settlement agreement, the substance of which was recited, on the record, before the District Judge in chambers.  511 U.S. at 376.  The parties

subsequently executed a Stipulation and Order of Dismissal with Prejudice, dismissing the complaint and cross-complaint, pursuant to Fed. R. Civ. P. 41(a)(1)(ii). The District Judge signed the Stipulation and Order under a notation "It is so ordered." Id. at 377. The Stipulation and Order did not reserve jurisdiction to enforce the settlement agreement and did not refer to the settlement agreement. The parties later disagreed as to certain obligations under the settlement agreement, and Guardian moved the District Court to enforce the agreement. Kokkonen opposed the motion, arguing that the court lacked subject matter jurisdiction.

The District Court entered an enforcement order, citing its "inherent power" to do so. Kokkonen, 511 U.S. at 377. The Ninth Circuit affirmed. The Supreme Court granted certiorari and reversed. In doing so, the Kokkonen Court cautioned that the limited jurisdiction of federal courts must not be expanded by judicial decree, noting that "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. at 377 (internal citations omitted).

Guardian attempted to meet this burden by asserting that ancillary jurisdiction allowed the Court to enforce the settlement agreement. The

Court recognized that, in a broad sense, ancillary jurisdiction existed "for two separate, though sometimes related, purposes: (1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Kokkonen, 511 U.S. at 379-80 (internal citations omitted). The Court determined that the first purpose did not apply, noting that the facts underlying the dismissed claims and those underlying the claim for breach of settlement agreement had "nothing to do with each other," and thus, "it would neither be necessary nor even particularly efficient that they be adjudicated together." Id. at 380. Turning to the second purpose, the Court held that the power at issue was "quite remote from what courts require in order to perform their functions." Id. The Court determined that the second purpose did not apply, noting that the only order "was that the suit be dismissed, a disposition that [was] in no way flouted or imperiled by the alleged breach of the settlement agreement." Id. Thus, the Court found no jurisdictional basis that would allow the District Court to enter an order enforcing the settlement agreement.

In making its ruling, the Kokkonen Court expressly stated as follows:

> The situation would be quite different if the parties' obligation to comply with the terms of the settlement agreement had been made part of the order of dismissal-either by separate provision (such as a provision "retaining jurisdiction" over the settlement agreement) or by incorporating the terms of the settlement agreement in the order. In that event, a breach of the agreement would be a violation of the order, and ancillary jurisdiction to enforce the agreement would therefore exist. That, however, was not the case here. The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order.

Kokkonen, 511 U.S. at 381. The Court further instructed:

> If the parties wish to provide for the court's enforcement of a dismissal-producing settlement agreement, they can seek to do so. When the dismissal is pursuant to Federal Rule of Civil Procedure 41(a)(2), . . . the parties' compliance with the terms of the settlement contract (or the court's "retention of jurisdiction" over the settlement contract) may, in the court's discretion, be one of the terms set forth in the order. Even when, as occurred here, the dismissal is pursuant to Rule 41(a)(1)(ii) . . . we think the court is authorized to embody the settlement contract in its dismissal order (or, what has the same effect, retain jurisdiction over the settlement contract) if the parties agree. Absent such action, however, enforcement of the settlement agreement is for state courts, unless there is some independent basis for federal jurisdiction.

Id. at 381-82.

As previously noted, in the instant case, the parties' Stipulation to Dismiss expressly recognized Kokkonen as follows: "Pursuant to the decision in Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375

(1994), the parties incorporate the Settlement Agreement and request the Court to retain jurisdiction over this matter for the purpose of enforcing the Settlement Agreement." Stipulation to Dismiss with Prejudice, p. 2. The Settlement Agreement was filed as an exhibit to the Stipulation to Dismiss. Id., Ex. 1, Settlement Agreement. The Court's March 27, 2006 Text Order also recognized Kokkonen, stating as follows: "Stipulation to Dismiss with Prejudice 29 ALLOWED. The Court retains jurisdiction of this case to enforce compliance with the settlement contract. See Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994)."

     As the current briefing recognizes, the Seventh Circuit has addressed the issue of retained jurisdiction in several post-Kokkonen cases. In the 2002 case of Lynch, Inc. v. SamataMason Inc., the Seventh Circuit was "asked to decide a judge's authority to rule that a case has been settled on the basis of settlement discussions that were conducted before him but not recorded or transcribed." Lynch, 279 F.3d 487 (7th Cir. 2002). The Court, however, commented on retention of jurisdiction in dicta. After deeming the case settled, the presiding Magistrate Judge in Lynch entered an order dismissing the litigation with prejudice but stating

that the Court was retaining jurisdiction to enforce the settlement agreement. The Seventh Circuit noted as follows:

> An initial question is the significance of that purported retention. It had no significance. Having dismissed the entire litigation, the court had no jurisdiction to do anything further, and so if SamataMason wanted to enforce the settlement agreement and Lynch balked, SamataMason would have to sue Lynch under the law of contracts. A settlement agreement, unless it is embodied in a consent decree or some other judicial order or unless jurisdiction to enforce the agreement is retained (meaning that the suit has not been dismissed with prejudice), is enforced just like any other contract. Because the parties are not diverse, any suit to enforce the settlement agreement in this case would have to be brought in state court even though the settlement was of federal as well as state claims.

Id. at 489 (citing Kokkonen, 511 U.S. at 380-81; Jessup v. Luther, 277 F.3d 926, 929 (7th Cir.2002)). As at least one commentator has noted, however, this Lynch dicta did not have much impact on settlement practice at the time it was issued. John McGinnis, Settlement in the Seventh Circuit: It's Not Simple Anymore, 20 DCBA Brief 16, 17 (2007).

In 2006, the Seventh Circuit again addressed the issue of a dismissal order that expressly purported to retain jurisdiction to enforce a settlement agreement. Shapo v. Engle, 463 F.3d 641 (7th Cir. 2006). The dismissal order in Shapo directed that the case was dismissed without prejudice, with leave to reinstate on or before a date certain after which time the dismissal

would be with prejudice. Similar to this Court's March 27, 2006 Text Order, the dismissal order in Shapo expressly provided as follows: "This Court shall retain jurisdiction to enforce the terms of the Settlement Agreement." Id. at 642. The date to reinstate was extended several times by the District Judge, but eventually the date passed without reinstatement or further extension. Six months later, the law firm that represented Defendant Engle moved for an order directing its client to pay the firm money that he owed it under a "Master Payment Agreement" that had been made at the time of the settlement. The District Judge ordered Engle to pay $300,000.00, basing her jurisdiction to issue these orders on having retained jurisdiction to enforce the terms of the settlement agreement. Engle appealed.

Given the "springing" nature of the judgment, the Seventh Circuit remanded Shapo to allow the District Court to clarify the judgment. In doing so, the Seventh Circuit characterized "the conjunction of dismissal with prejudice with retention of jurisdiction to enforce the settlement agreement" as a "serious problem." Shapo. 463 F.3d at 643. The Court also noted "the possibility that the judge mistakenly thought she could

retain jurisdiction after dismissing the suit with prejudice." Id. at 646. The Shapo Court closed its opinion as follows:

> At argument the question arose what a judge should do who wants to enter a final judgment in order to preclude further litigation of the same claim between the same parties, by operation of the doctrine of res judicata, but to retain jurisdiction over some incidental matter that may take years to resolve, in this case a fee agreement that is (if it is-a question for remand) a part of the settlement but not so large a part that it should prevent the judgment's having preclusive effect. The answer is that either the settlement should include a release of the plaintiff's claims, thus barring relitigation of them, or the district court should state that judgment is being entered in order to allow the parties to enforce it and that the "without prejudice" language shall not allow them to reopen issues resolved by the judgment. Either course of action would achieve the preclusive goal of a final judgment without creating the paradox of a court's at once relinquishing jurisdiction by dismissing a suit with prejudice and retaining jurisdiction.

Id. (internal citations omitted).

Again in 2007, the Seventh Circuit commented on a District Court's attempt to retain jurisdiction to enforce a settlement agreement in Dupuy v. McEwen, 495 F.3d 807, a case cited by Hope School in its State Court Complaint. The Dupuy Court, citing Lynch, Shapo, and Kokkonen, instructed as follows: "when a suit is dismissed with prejudice, it is gone, and the district court cannot adjudicate disputes arising out of the

settlement that led to the dismissal merely by stating that it is retaining jurisdiction." Id. at 809.[1]

The case most analogous to the present one is Blue Cross and Blue Shield Ass'n v. American Express Co., 467 F.3d 634 (7th Cir. 2006)[2]; thus, the Court examines the history of that litigation in detail. In Blue Cross, the parties reached a settlement which provided that Blue Cross would dismiss its suit with prejudice and that the District Court would "retain jurisdiction to enforce this Agreement in the event of an allegation of its breach." Id. at 636. United States District Judge Matthew Kennelly dismissed the suit and asserted a right to enforce the settlement. Judge Kennelly's May 23, 2000 dismissal order stated as follows: "Stipulated motion for dismissal with prejudice, pursuant to Federal Rule of Civil Procedure 41(a)(1), and with each party bearing its own costs and attorney's fees is granted. This Court shall retain jurisdiction over this matter for purposes of enforcing the terms of the settlement agreement." Blue Cross and Blue Shield Ass'n v. American Express Co., 225 F.R.D. 230, 231 (N.D. Ill. 2004).

---

[1] The other case cited in Hope School's State Court Complaint, Kay v. Board of Educ. of the City of Chicago, is not particularly relevant because the District Court in that case did not incorporate the settlement into a judgment or reserve authority to enforce that judgment. Kay, 547 F.3d at 738.

[2] Decided October 30, 2006 after the dismissal herein.

Blue Cross returned to Judge Kennelly in 2004, seeking to enforce the parties' settlement agreement. American Express asserted that the District Court lacked jurisdiction, arguing that the Court's declaration of intent to retain jurisdiction had no effect because the settlement was not incorporated into a judgment. In an oral ruling made on November 3, 2004, Judge Kennelly agreed with American Express. See Blue Cross and Blue Shield Ass'n, 225 F.R.D. at 232. He acknowledged that Kokkonen "appeared to hold that language of the type included in the dismissal order in this case was sufficient to permit a district court to retain jurisdiction following a dismissal to enforce a settlement agreement" but citing recent decisions, "concluded that the Seventh Circuit requires more than 'retaining jurisdiction' language in order to permit continuing jurisdiction after dismissal to enforce a settlement." Id. Thus, Judge Kennelly "denied Blue Cross' motion to enforce the settlement agreement, leaving it to Blue Cross to file a separate lawsuit." Id.

Instead of filing a separate lawsuit, Blue Cross moved to reconsider, arguing, as Defendants do in the instant case, that the Court was required to follow Kokkonen. See Blue Cross and Blue Shield Ass'n, 225 F.R.D. at 232. Judge Kennelly orally denied this motion on the day it was presented.

Id. However, he later addressed and allowed in a written order Blue Cross' alternative request to amend the May 2000 dismissal order to conform to the parties' intention pursuant to Fed. R. Civ. P. 60(a). Judge Kennelly declared the May 2000 order's failure to incorporate the settlement agreement's terms to be a "clerical error" and entered an amended judgment as follows:

> Nunc pro tunc 5/23/2000, the stipulated motion for dismissal with prejudice, pursuant to FRCP 41(a)(1), and with each party bearing its own costs and attorney's fees is granted. The parties are directed to comply with the terms of the settlement agreement, which is hereby incorporated into the judgment. The Court shall retain jurisdiction for the purpose of enforcing the terms of the settlement agreement.

Id. at 233. In doing so, Judge Kennelly determined that the parties intended for the Court to retain jurisdiction to enforce the settlement agreement, but that the Court did not properly translate the parties' intention when it entered the dismissal order. Judge Kennelly explained that, in issuing the dismissal order, the Court "relied on Kokkonen, believing that it was sufficient simply to include language retaining jurisdiction. But as the Court later ruled, subsequent developments have revealed that our belief was incorrect." Id. at 232-33. Judge Kennelly determined that jurisdiction was properly retained under the amended

judgment, and he eventually denied Blue Cross' motion to enforce the settlement agreement. Blue Cross and Blue Shield Ass'n v. American Express Co., 2005 WL 2171192 (N.D. Ill. Sept. 6, 2005); Blue Cross and Blue Shield Ass'n v. American Express Co., 2005 WL 1838340 (N.D. Ill. July 25, 2005). Blue Cross appealed.[3]

The Seventh Circuit short-circuited the jurisdictional argument, noting that diversity jurisdiction existed under 28 U.S.C. § 1332. Blue Cross and Blue Shield Ass'n, 467 F.3d at 638. Nevertheless, the opinion contains instructional statements relevant to this Court's present analysis. The Seventh Circuit specifically noted that because the original dismissal order did not set out the terms of the settlement agreement, it could not serve as an injunction under Fed. R. Civ. P. 65(d). Id. at 636. The Court opined that the settlement agreement logically implied entry of a consent decree, but noted that none was entered. The Seventh Circuit further instructed that the amended order, despite its direction to comply with the terms of the

---

[3] American Express filed a notice of appeal in 2004, challenging Judge Kennelly's use of Fed. R. Civ. P. 60(a) to amend the May 2000 dismissal order. See Blue Cross and Blue Shield Ass'n, 467 F.3d at 637. As that appeal was being briefed, the matter proceeded in the District Court. Judge Kennelly's September 6, 2005 denial of Blue Cross' motion to enforce was issued only a few days before the scheduled oral argument in the 2004 appeal. American Express moved to dismiss its 2004 appeal in order to reap the benefit of victory in the District Court. The Seventh Circuit allowed the dismissal with certain conditions. Id. at 637-38.

settlement agreement, incorporation by reference of the settlement agreement, and express attempt to retain jurisdiction for the purpose of enforcing the terms of the settlement agreement, failed to satisfy either Rule 65(d) or Lynch. Id. at 636-37.

With these principles in mind, the Court turns to the instant case. Certainly, Kokkonen remains good law. The parties and the Court all believed at the time of the dismissal with prejudice in 2006, that citing to Kokkonen and citing language that jurisdiction was retained to enforce the settlement agreement was sufficient. Subsequent case law shows that belief to be in error. It is not the parties' fault or omission, nor the Court's - just changes in the law. In recent years, the question of retained jurisdiction to enforce settlements has been a moving target in this Circuit. Seventh Circuit cases now make clear that the Seventh Circuit requires more than mere retaining jurisdiction language to allow enforcement jurisdiction. Dupuy, 495 F.3d at 809. After detailed consideration, the District Court in Blue Cross deemed the following language, which is closely analogous to the language in this Court's March 27, 2006 dismissal order, insufficient under Seventh Circuit precedent: "Stipulated motion for dismissal with prejudice, pursuant to Federal Rule of Civil Procedure

41(a)(1), and with each party bearing its own costs and attorney's fees is granted. This Court shall retain jurisdiction over this matter for purposes of enforcing the terms of the settlement agreement." <u>Blue Cross and Blue Shield Ass'n</u>, 225 F.R.D. at 231.  Indeed, the October 30, 2006 Seventh Circuit opinion in <u>Blue Cross</u> instructs that an order which directs compliance with the terms of a settlement agreement, incorporates the settlement agreement by reference, and expressly states that the Court retains jurisdiction for the purpose of enforcing the terms of the settlement agreement is <u>insufficient</u> to retain jurisdiction.  <u>Blue Cross and Blue Shield Ass'n</u>, 467 F.3d at 636-37 *(emphasis added)*.

     Comparing this Court's March 27, 2006 dismissal order to the language in the orders considered in the case law set forth above, the Court finds that the March 27, 2006 dismissal order is insufficient under current Seventh Circuit precedent to provide a basis for continued or retained jurisdiction.  Pursuant to the request of the parties, the matter was dismissed with prejudice, as was common practice at the time.  Although the Settlement Agreement was referenced in the dismissal order, its terms were not embodied in a consent decree tendered by the parties nor incorporated into any other judicial order.  See <u>Lynch</u>, 279 F.3d at 489.

Thus, the dismissal with prejudice terminated federal jurisdiction. <u>Shapo</u>, 463 F.3d at 643. Because the record reveals no other basis for federal court jurisdiction, this Court unfortunately lacks authority to consider claims arising out of any alleged breach of the Settlement Agreement. Under the circumstances, the parties' remedies lie in State Court, not Federal Court.

THEREFORE, for the reasons set forth above, Plaintiff Hope School, Inc.'s Motion to Determine Jurisdiction to Enforce Settlement Agreement and for Enforcement of Settlement Agreement (d/e 31) is DISMISSED for lack of jurisdiction. A courtesy copy of this Opinion is directed to be sent to the Honorable Leo J. Zappa, Jr., Circuit Judge, 200 S. 9th Street, Springfield, IL 62701.

IT IS THEREFORE SO ORDERED.

ENTER:    June 12, 2009

FOR THE COURT:

*s/ Byron G. Cudmore*
_____
BYRON G. CUDMORE
UNITED STATE MAGISTRATE JUDGE